UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-62406-CIV-COHN/SELTZER

DEAN GABRIEL,

        Plaintiff,

v.

TWC SERVICES, INC.,

        Defendant.
_____/

### ORDER GRANTING MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Count II of Plaintiff Complaint [DE 13] ("Motion to Dismiss"). The Court has considered the Motion to Dismiss, Plaintiff's Response [DE 20], the record in this case, and is otherwise advised in the premises.[1]

On December 10, 2010, Plaintiff Dean Gabriel filed this action against Defendant TWC Services, Inc. See Complaint [DE 1]. His Complaint brings three claims: recovery of overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. (Count I); recovery of minimum wages under the FLSA (Count II); and recovery of unpaid wages under Florida Statutes § 448.110 (Count III).

On February 1, 2010, Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that "Plaintiff's own factual allegations regarding the wages he was paid defeat his minimum wage claim." Mot. at 1. Plaintiff responds that he "agrees to the dismissal of Count II." Resp. ¶ 5. Therefore, Count II will be dismissed. Despite Defendant's request for dismissal with prejudice, however, the dismissal will be without prejudice.

Defendant also requests an award of attorney's fees and costs for bringing its

---

[1] Defendant has not filed a Reply, and the time for doing so has passed.

Motion to Dismiss. Mot. at 4. Plaintiff opposes such an award. Resp. ¶ 9. Defendant fails to cite any authority supporting its request. Further, Local Rule 7.3 provides that a motion for attorney's fees or costs arising from the entry of an order "shall . . . not be filed until a good faith effort to resolve the motion . . . has been completed." S.D. Fla. L.R. 7.3(a)(1). Plaintiff represents that "counsel for the Defendant did not make or even attempt a good faith effort to resolve this issue before filing the instant Motion to Dismiss." Resp. at 2. Defendant has not refuted this allegation. Therefore, the request for attorney's fees and costs will be denied.

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Count II of Plaintiff Complaint [DE 13] is **GRANTED**. Count II of Plaintiff's Complaint [DE 1] is hereby **DISMISSED without prejudice**. It is further

**ORDERED AND ADJUDGED** that Plaintiff may file an Amended Complaint by no later than **April 5, 2011**. Alternatively, Plaintiff may file a Notice electing to proceed solely on his claims for recovery of overtime compensation (Count I) and recovery of unpaid wages (Count III) by **April 5, 2011**. Defendant's Answer will be due 14 calendar days from the filing of an Amended Complaint or a Notice. **Plaintiff's failure to file an Amended Complaint or Notice by the April 5, 2011 deadline may result in the closing of this case.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 29th day of March, 2011.

*/s/ James I. Cohn*
**JAMES I. COHN**
**United States District Judge**

Copies provided to:
Counsel of record via CM/ECF